IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION
Case No: 1:18-cv-103

| | |
|---|---|
| MARY SINGLETON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CARETENDERS VISITING | ) |
| SERVICES OF GAINESVILLE, LLC, | ) |
| a Florida limited liability company, | ) |
| d/b/a MEDERI CARETENDERS a/k/a | ) |
| CARETENDERS, and NATIONAL | ) |
| HEALTH INDUSTRIES, INC., a | ) |
| Kentucky corporation, | ) |
| | ) |
| Defendants. | ) |

**JOINT MOTION TO APPROVE SETTLEMENT AND
STIPULATION FOR VOLUNTARY DISMISSAL WITH PREJUDICE**

Plaintiff Mary Singleton ("Plaintiff") and Defendants Caretenders Visiting Services of Gainesville, LLC and National Health Industries, Inc. (collectively, "Defendants") jointly move the Court for approval of the mutually agreed upon terms and conditions of settlement of Plaintiff's claims against Defendants under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq*., which terms include dismissal of this action with prejudice. In support of this Joint Motion, the parties stipulate as follows:

1

1. Plaintiff filed the instant action against Defendants alleging violations of the overtime provisions of the FLSA.

2. In defending against the action, Defendants deny violating the FLSA and have asserted that Plaintiff's claims for damages are barred by multiple defenses.

3. As a result of the litigation, the parties have a *bona fide* dispute about numerous factual and legal issues, including but not limited to the following: how many, if any, hours of overtime Plaintiff worked for which she was not properly compensated; the appropriate measure of Plaintiff's damages, if any; and whether Plaintiff is entitled to liquidated damages.

4. In an effort to avoid the expenses of litigation and with no admission of liability by Defendants, the parties have negotiated a settlement and memorialized their agreement in the Settlement Agreement and General Release ("Settlement Agreement") that is attached hereto as Exhibit A.

5. Plaintiff acknowledges and represents that pursuant to the Settlement Agreement, she is being paid all wages that she claims are owed to her and that she is not owed any other damages for unpaid wages. Plaintiff also acknowledges and agrees that the amounts paid to her adequately and fairy compensate her for the damages she claims to have suffered.

6. The parties jointly agree that the Settlement Agreement is a fair and reasonable resolution of a *bona fide* dispute regarding Plaintiff's claims under the FLSA, such that this Court should approve the Agreement. *See Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982) (explaining that while compromises under the FLSA are typically prohibited, the district court may enter a stipulated judgment in a private action for back wages under the FLSA after the district court has scrutinized the settlement for fairness); *Sapp v. Linked Commc'ns*, No. 3:12CV245/MCR/EMT, 2014 WL 1584491, at *2 (N.D. Fla. Mar. 13, 2014) (finding the terms of a settlement agreement to be fair and in furtherance of the implementation of FLSA rights in the workplace, and therefore recommending that the motion for approval of settlement be granted), *report and recommendation adopted*, No. 3:12CV245/MCR/EMT, 2014 WL 1584497 (N.D. Fla. Apr. 21, 2014); *Bonnin v. Bryan I. Gerstenberg, D.D.S., P.A.*, No. 3:10CV188-MCR/EMT, 2011 WL 13232590, at *2 (N.D. Fla. Aug. 5, 2011) (approving settlement agreement after finding the terms to be fair and reasonable to employees).

7. The parties further agree that, upon the Court's approval of this Joint Motion, this action will be dismissed with prejudice, with each party to pay its own costs and attorneys' fees, except as otherwise set forth in the parties' Settlement Agreement.

WHEREFORE, the parties respectfully request that this Honorable Court enter an Order approving the Settlement Agreement, finding that the Settlement Agreement is a fair and reasonable resolution of this matter, and dismissing this action with prejudice.

Respectfully submitted, this 20th day of August, 2018.

| | |
|---|---|
| */s/ Kenneth M. Hesser* | */s/ Brett E. Coburn* |
| Kenneth M. Hesser | Brett E. Coburn |
| Florida Bar No. 0375720 | Georgia Bar No. 171094 |
| SCHATT HESSER MCGRAW | ALSTON & BIRD LLP |
| 328 NE 1st Avenue, Suite 100 | 1201 West Peachtree Street |
| Ocala, Florida 34470 | Atlanta, Georgia 30309-3424 |
| Telephone: (352) 789-6520 | Telephone: (404) 881-7000 |
| Facsimile: (352) 789-6570 | Facsimile: (404) 881-7777 |
| E-mail: khesser@schatthesser.com | E-mail: brett.coburn@alston.com |
| **ATTORNEYS FOR PLAINTIFF MARY SINGLETON** | **ATTORNEYS FOR DEFENDANTS CARETENDERS VISITING SERVICES OF GAINESVILLE, LLC, and NATIONAL HEALTH INDUSTRIES, INC.** |

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2018, I filed the foregoing JOINT MOTION TO APPROVE SETTLEMENT AND STIPULATION FOR VOLUNTARY DISMISSAL WITH PREJUDICE with the Clerk of the Court using the CM/ECF system, which will serve a copy of the foregoing to the following attorneys of record for Plaintiff:

>Kenneth M. Hesser
>Brian T. Anderson
>SCHATT HESSER McGRAW
>P.O. Box 4440
>Ocala, Florida 34478

This 20th day of August 2018.

>*/s/ Brett E. Coburn*
>Brett E. Coburn