## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release ("Release") is entered into by and between Mary Singleton ("Employee") and Caretenders Visiting Services of Gainesville, LLC and National Health Industries, Inc. (collectively, the "Company").

WHEREAS, Employee is a former employee of the Company who claims that she was not paid all wages to which she was entitled under applicable law;

WHEREAS, Employee filed a lawsuit in the Circuit Court of the 8th Judicial Circuit in and for Alachua County, Florida styled as *Mary Singleton v. Caretenders Visiting Services of Gainesville, LLC, et al.*, Case No. 2018 CA1477, and the Company removed the lawsuit to the United States District Court for the Northern District of Florida, where the matter is now Case No. 1:18-cv-00103-MW-GRJ (the "Action");

WHEREAS, Employee has retained counsel to represent her in the Action;

WHEREAS, the Company denies Employee's claims and maintains that it has acted lawfully with respect to Employee's compensation and that Employee has been paid all compensation to which she was entitled; and

WHEREAS, Employee and the Company desire to reach a full and final settlement, with prejudice, of any and all disputes between them without either party incurring additional cost or expense;

NOW, THEREFORE, after consultation with their respective attorneys and intending to be legally bound, the parties agree as follows:

1. Employee enters into this Release for full consideration, and this Release completely and finally resolves any and all disputes that Employee and the Company might possibly have with each other that arose at any time prior to the effective date of this Release. Employee agrees that, in consideration for the payments made to her under the terms of this Release, she will dismiss, with prejudice, all of her claims in the Action.

2. Subject to Employee's full execution of this Release and compliance with its terms and conditions, the approval of the Court in the Action, and the finalization of the Workers' Compensation Settlement (as defined below), in consideration for Employee's promises and releases contained in this Release, the Company shall make the following payments:

   a. The Company shall make a payment to Employee in the amount of Five Thousand Four Hundred Ten Dollars and Zero Cents ($5,410.00), less all required local, state and federal tax deductions, in settlement and compromise of Employee's claim for unpaid wages.

   b. The Company shall make a payment to the law firm of Schatt Hesser McGraw in the amount of Four Thousand Five Hundred Ninety Dollars and Zero Cents

**EXHIBIT A**

($4,590.00), in settlement and compromise of Employee's claim for attorneys' fees, costs and expenses.

Employee agrees that these amounts fully compensate her for all hours that she claims to have worked at the Company, plus any liquidated damages, penalties, attorneys' fees, or other costs or damages to which she may be entitled if she were to prevail on her claims that she was not paid for wages to which she was entitled. All such payments shall be delivered to Employee's counsel within fourteen (14) business days after the later of: (i) the District Court's order approving the settlement, and (ii) the finalization of the Workers' Compensation Settlement (as defined below) by the court overseeing that matter.

3. Employee and the Company agree jointly to request that the Court in the Action issue an Order approving the terms of the settlement embodied by this Release and dismissing the Action with prejudice. In the event that the Court refuses to approve the parties' settlement, Employee and the Company agree to work together in good faith to address any concerns raised by the Court regarding the settlement.

4. In consideration of the payments provided for in this Release, the receipt and sufficiency of which are hereby acknowledged, Employee, on behalf of herself and her heirs, estates, representatives, successors, assigns and agents, hereby expressly and unconditionally waives any appeal from a court order approving this settlement and dismissing the Action with prejudice, and releases and forever discharges the Company and all of its present and former officers, directors, employees, agents, attorneys, predecessors, successors, assigns, shareholders, parents, subsidiaries, affiliated entities, representatives, transferors, transferees, partners, principals, trustees, executors, members, insurers, investors, servants, beneficiaries, devisees, guardians, heirs, and all other persons, firms, corporations, divisions, associations, limited liability companies, joint ventures, and/or partnerships, associated therewith or related thereto (hereinafter collectively referred to as "Released Parties") from any and all claims and causes of action of any nature that have arisen or could have arisen prior to the date of this Release, including but not limited to all claims for unpaid wages, overtime, back wages, fines, penalties, liquidated damages, retaliation and attorneys' fees, costs and expenses arising from hours worked or services provided as an employee of the Company or any other Released Party that were or could have been asserted in the Action, whether under federal, state, local or other laws or ordinances, or pursuant to contract, tort, or equitable theories. Employee and her attorneys specifically release the Company and all of the Released Parties from any and all claims or causes of action for the fees, costs, or expenses of any and all attorneys who have at any time or are now representing Employee in connection with her claims for alleged unpaid wages, this Release, and/or in connection with any matters released in this Release.

5. Employee and the Company understand and agree that the payment described in Paragraph 2(a) above is deemed wages to be reported on IRS form W-2, and the payment described in Paragraph 2(b) above is deemed non-wage income to be reported on IRS form 1099. Employee is solely responsible for the tax liabilities and consequences to her

2

that may result from this Release, and Employee agrees that the Company and the Released Parties bear absolutely no responsibility for such liabilities or consequences, except to the extent of tax withholdings and the employer's share of any such taxes on wages as required by law to be made by the Company from the payments made to Employee for which Employee will receive a W-2 form. Further, Employee agrees that the Company will not be required to pay any further sums to her, or to any other person or entity on her behalf, if for any reason the tax liabilities and consequences to Employee are ultimately assessed in a fashion that Employee does not presently anticipate or agree. Employee specifically agrees that the Company and the Released Parties have not made any representations, or given any advice, about the tax consequences of this settlement.

6. Employee expressly understands and agrees that the Company and the Released Parties in no way admit that they have treated Employee unlawfully or unfairly in any way, and that they have settled, resolved, and compromised her claims solely to avoid the costs of ongoing litigation. Neither this Release nor the implementation thereof should be construed to be, or be admissible in any proceedings as evidence of an admission by the Company or any Released Party of any violation of or failure to comply with any federal, state or local law, ordinance, agreement, rule, regulation, or order; the preceding portion of this sentence does not preclude introduction of this Release by any the Company or any of the Released Parties to establish that Employee's claims were settled, resolved, compromised and released according to the terms of this Release or to establish any breach of this Release.

7. Employee expressly understands and agrees that, except as required by law and to obtain Court approval of the settlement of the Action, the terms of this Release shall be kept completely confidential by her and shall not be discussed, disclosed or revealed, directly or indirectly, by her to any person, corporation or entity, other than her spouse, life partner, or her legal, religious, or tax advisors, all of whom (prior to disclosure) shall likewise agree to maintain the confidentiality of this Release, or to any state or federal tax authorities, or as required by law.

8. Employee represents that, other than the Action, she has not filed, or permitted to be filed, against the Company or any of the Released Parties, any complaints, charges or lawsuits. Employee expressly waives any right to damages, any other legal and equitable relief, attorney's fees or costs, award or recovery under any local, state, or federal law and any whistleblower laws and regulations (including, without limitation, any state or federal false claims acts or statutes), in connection with any legal proceedings, agency proceedings, administrative proceedings, enforcement or investigatory proceedings and any lawsuit that is filed, brought, initiated or pursued in the future and which is in any way based upon events occurring before execution of this Release.

9. Employee acknowledges that her employment with the Company and/or any other Released Party has ended forever and agrees that she will not seek reemployment with the Company or any other Released Party at any point in the future.

10. Employee expressly warrants and agrees that no promise or inducement has been offered to her except as set forth herein, that this is the complete settlement agreement, and that there is not any written or oral understanding or agreement between Employee and the Company that is not recited herein, except for the settlement agreement between Employee and the Company relating to Employee's workers' compensation claims relating to her employment with the Company (the "Workers' Compensation Settlement"), which was reached in conjunction with the settlement memorialized in this Release. This Release may not be altered or modified in any way except in writing signed by Employee and the Company.

11. The terms of this Release and the parties' obligations hereunder are specifically contingent upon the finalization of the Workers' Compensation Settlement through the court overseeing that matter.

12. Employee expressly agrees that this Release was jointly drafted by all parties and shall be governed by the law of Florida and applicable federal laws and that the doctrine of *contra proferentem* (a writing shall be construed against the party that drafted it) shall have no application to this Release. If any term, condition, clause or provision of this Release shall be determined by a court of competent jurisdiction to be void or invalid at law, or for any other reason, then only that term, condition, clause, or provision as is determined to be void or invalid shall be stricken from this Release, and this Release shall remain in full force and effect in all other respects.

13. EMPLOYEE SWEARS THAT SHE HAS READ THIS RELEASE, HAS CONSULTED WITH HER ATTORNEY ABOUT IT, FULLY UNDERSTANDS ALL OF ITS TERMS, AND ENTERS INTO IT THROUGH THE EXERCISE OF HER OWN FREE WILL.

IN WITNESS WHEREOF, Employee, Employee's attorneys and the Company, intending to be legally bound thereby, have executed this Release as of the dates set forth below.

[Signatures on next page]

_____
Employee
Date: 08/15/18

Approved by:

_____
Kenneth M. Hesser
Counsel for Employee
Date: 8/15/18

CARETENDERS VISITING SERVICES OF GAINESVILLE, LLC and
NATIONAL HEALTH INDUSTRIES, INC.
By: LHC Group, Inc., Its Manager

By: _____
Joshua L. Proffitt, Executive Vice President
Date: 8-20-2018

5